THORN, executor, &c. of Coles *v.* COLES and others.

---

Testator directed executors to invest $100,000 on real estate and divide the
   nett income among his eight children or the survivors of such as should die *childless*
   during their respective lives.  The children were not to dispose of their shares
   without the consent of a majority of the executors.  The shares of the chil-
   dren dying should go to their children to be equally divided share and share
   alike.  *Held*, to be an invalid trust and void by statute.  The court also de-
   cided that the $100,000 was to go as real estate among the heirs and not be
   considered as part of the residue.

---

*July* 31,        QUESTION upon the validity of the sixth clause in the will
  1839.       of Jordan Coles, deceased ; and which clause was as follows :
*Will.*        " Sixthly.   I order my executors at such time or times as they
*Trust.*       may think most for the interest of my estate, within two years
*Accumula-*    after my decease, to invest the sum of one hundred thousand
*tion.*        dollars in productive real estate in the city of New-York ; and
             that the nett income of the said real estate, after deducting the
             expenses attending the same, be divided equally among my
             children or the survivors of such as shall die childless, during
             their respective lives.   But the said children shall not trans-
             fer, sell or otherwise dispose of their share or interest in this
             last devise without the consent of a majority of my executors ;
             and after their respective deaths, the share of such of my said
             children as shall die leaving children and of which their re-
             spective parents were receiving the income, shall descend and
             be the property of their respective children to be equally
             divided among them share and share alike."   He gave the
             residue and remainder of his estate to his children in certain
             proportions.

The question upon the will was submitted on written briefs.

Mr. *Silliman*, appeared for the complainant.

Mr. *S. Sherwood*, for some of the defendants.

Mr. *Peter De Witt*, on behalf of the guardian of the infant defendants and as counsel for certain of the adults, put in the following argument.

The will of the testator Jordan Coles does not direct in whom the title of the real estate ordered to be purchased by the executors with the $100,000 shall be vested.

Whether the executors shall take the title in their own names and hold the same in trust for the eight children of the testator and divide the income between them as provided in the will or whether the lands shall be purchased by the executors and conveyed directly to the children and their estates declared and limited in the conveyance agreeably to the testator's intention as declared in his will, is not directed in the will. The whole sum must be one investment and each child have an interest or estate in the whole—not each child a separate portion, equal to his or her share.

The estate must be kept together until the death of *all* the children; for not before the death of the last survivor can it be ascertained to whom the share of that survivor will belong, nor can the income of the estate be divided equally or into equal shares, unless it is all kept together. There cannot be an equality of income or of shares ascertained and determined, without keeping together all the estate invested. A loss of income from any particular portion, whether by inoccupancy, destruction by fire or insolvency will, if the estate should be held in separate parts, unequalize the income.

The alienation of the estate so invested must, therefore, be suspended for more than two lives in being at the commencement of the estate. The investment cannot, therefore, be legally made ; and in this particular the intention of the testator cannot be carried out. What then becomes of the $100,000 ? Shall it be equally divided among the children ? Or shall it sink into the residuary estate and be subject to the unequal distribution directed of the residuary estate ?

Nothing can be clearer than that the testator intended that in respect to this $100,000 there should be an equal division between his eight children of its income and final distribution. With regard to other parts of his estate, he enlarged the portions of his sons; but with regard to this sum, equality was his will.

If the investment of this $100,000 cannot be made agreeable to the directions contained in the will, yet the equal enjoyment of it between the children of the testator or the enjoyment of it in equal shares by them is a matter that can be very easily accomplished; and the testator's will, in this particular, be easily complied with. Most of the children being minors at the time of making the will, the testator had in his mind the security of the gift, so that there might be a certainty in the enjoyment of it by his children; he, therefore, looked to real estate as the best means of securing it while they were incapable of taking care of the same. He did not intend it to be permanent; either of the children might, with the approbation of the executors, sell their respective parts, and thus reduce their portion of the $100,000 into immediate possession. The gift or devise is not, therefore, void; and the testator's intention and his will may be substantially complied with by delivering to each of the children their respective portions of the $100,000 without making the investment.

But if, by reason of the illegality of the investment, the devise or gift shall be judged to be void, does the $100,000 sink into the residuary estate? And how is it to be divided among the children? Equally, or in unequal parts?

In the case of a void devise of lands, the lands attempted to be devised does not sink into the residuary estate, but descend to the heirs at law.

The devise in question is a devise of real estate and is void by reason of its attempting to limit real estate for a longer period than is allowed by the statute; being real estate it descends to the heirs at law.

Besides, the $100,000 is the proceeds of real estate and, in the distribution, must be regarded as real estate and be equal.

The same persons are heirs at law, devisees of the residuary estate and also devisees of the $100,000; the only difference

to the parties will be that, in case it should be adjudged to fall into the residuary estate, the sons will take a double portion.

THE VICE-CHANCELLOR:—I concur generally in the views expressed in the written argument of the counsel for the guardian of the infants and for the female adults.

If a trust in the executors of the real estate directed to be purchased was intended by the will, that is, if the executors were to take the title in their names and to hold the property in trust, receive the rents and dispose of the nett income in the manner therein directed, it would be a trust for a purpose not authorized by the revised statutes. So, likewise, the trust as respects its duration, being for the lives of the eight children of the testator, would be objectionable as unduly suspending the power of alienation, it being clearly intended, by the will, that the estate so to be purchased should be kept entire until the death of the longest liver of the eight persons.

So again, if, instead of a trust in the executors by taking the title in their names, they should take the title, in the first instance, in the names of the eight children jointly for their lives, with remainders over, so as to carry out and effectuate the intention and object of this part of the will, then it would be equally objectionable as suspending the power of alienation beyond the period of two lives in being, &c., since, in that case, the property must be kept entire with a view to an equal division of of the nett income so long as one of the eight children shall live. If, in making the investment of the one hundred thousand dollars, the executors were at liberty to take the title to themselves in equal undivided eighth parts for each child, in trust to apply the rents and profits to each for life and, at the death of any one child, to convey such share of the estate to his or her children in remainder in fee, so as to render such share then divisible from the rest and alienable or if they could take the title to the eight persons as tenants in common for life in equal shares, with remainder in fee of each undivided share to the child or children of any one dying or to their survivors in case of death of either childless—so that, upon the termination of the respective life estates, the remainder in such share might vest and the property be partitioned or the respective shares be sold in fee, then the difficulty would not exist.

But it seems to me that such a construction cannot be given to this clause of the will; and that the executors are not authorized and this court cannot give them authority to carry it into effect in that way. I am, therefore, of opinion that the sixth clause of the will, directing the purchase of real estate to be held in the manner and for the purposes therein mentioned, is contrary to law and cannot be carried into effect by the executors.

- The next question then is, what shall be done with the one hundred thousand dollars?

In my judgment, this money does not sink into the residue and pass to the residuary devisees of the will. Being the proceeds of land and intended by the testator to have been invested in land and, as such, disposed of, it is still to be regarded as land; and where a devise of land fails by lapse or is otherwise void, the rule is that it does not 'pass to the residuary devisee, but descends to the heir at law : Chitty on Descents, 309.

This fund is, consequently, to be distributed by the executors among the eight children as heirs at law in equal parts.

The costs of all parties to this suit may be paid out of that fund. Decree accordingly.