MAHLON PITNEY, ORDINARY.

EDWIN ROBERT WALKER, VICE-ORDINARY.

In the matter of the estate of ANN C. MORTON, deceased.

STEPHEN C. BARNUM, trustee of the estate of Ann C. Morton, deceased, appellant,

*v.*

THOMAS F. MORTON, FANNIE BARNUM MANNING and WILLIAM HENRY MANNING, respondents.

[Decided July 13th, 1908.]

1. Where lands are conveyed to a trustee with directions to pay the income to one for life, with remainder over, the one entitled to the income is the equitable tenant for life, subject to the duties of life tenant, in-

cluding the payment of annual taxes and interest on encumbrances, and, where the trust estate consists in .part of improved property, productive of revenue, and in part of unimproved property producing no revenue, the life tenant must pay the taxes on the unimproved property from the income derived from the revenue producing property, so far as such income extends. .

2. Testatrix devised unimproved and improved real estate to a trustee to pay the income to a daughter for life, with remainder over ; declared that the provisions respecting the payment of rents derived from the unimproved property and respecting the vesting of such property if unsold or the proceeds thereof if sold should be subject to the payment of all encumbrances existing on such property ; and authorized the trustee to pay such encumbrances either from the proceeds of such property or from the income thereof.—*Held*, that the person entitled to the income for life must pay out of the income derived from the improved realty the taxes assessed against the unimproved realty and the interest on the encumbrances thereon.

3. A trustee under a will whereby testatrix devised her improved and unimproved realty to the trustee to pay the income to his wife for life, with remainder over, and whereby she declared that the rents from the unimproved property and the proceeds thereof, if sold, should be subject to the payment of encumbrances, filed his account as trustee and credited himself with the payment of interest on the encumbrances on the unimproved property and taxes thereon accruing after the death of testatrix. The remaindermen excepted to such items on the ground that it was incumbent on the life tenant to pay such interest and taxes.—*Held*, that the costs incurred by the remaindermen in the orphans court were properly payable out of the estate, but the estate should not be burdened with the costs of the appeal by the trustee from the decree sustaining the exceptions to the account, for such appeal was in the interest of the trustee individually or in the interest of his wife.

On appeal from the Essex county orphans court.

*Mr. Elvin W. Crane* and *Mr. William T. Read* (of the New York bar), for the appellants.

*Mr. John W. Queen,* for the respondents.

PITNEY, ORDINARY.

Ann C. Morton, late of Glen Ridge, Essex county, New Jersey, died on April 29th, 1901, leaving a will and two codicils thereto, which were admitted to probate by the surrogate of Essex county. She appears to have owned—*first,* her dwelling-house at Glen Ridge, which, after her death, was sold for the payment of her

debts; *secondly,* an apartment-house in New York City, known as the Third avenue property, situate upon leased land, and *thirdly,* a tract of unimproved property at Middle Village, Long Island, consisting of twenty-six or twenty-seven acres laid out for sale in building plots. The Third avenue property produces a net income of from $2,200 to $2,500 per annum.

By the second paragraph of the will, testatrix devised all her real estate to trustees for purposes specified in the succeeding paragraphs, and in this paragraph defined the powers and duties of the trustees with respect to collecting and receiving the rents, managing, repairing, building, rebuilding and improving the property, selling and conveying the real estate and leasing the same at their discretion, and investing and reinvesting the proceeds of sale. At the conclusion of the paragraph is the following clause:

"It is my will that any provisions herein made respecting the payment of the rents derived from my property situated at Middle Village, in the Town of Newtown, County of Queens and State of New York, and respecting the vesting of such property if unsold. or the proceeds thereof if sold, shall be subject to the payment of all encumbrances which may exist upon such property, and I hereby authorize my executors and trustees to pay off such encumbrances either from the proceeds of such property or from the income thereof as they shall deem best, one-half of such encumbrances to be borne by the principal of the trust hereinafter created for the benefit of the children of my son Thomas S. Morton. and the other one-half to be borne by the principal of the trust created out of the residue of my said estate."

The third paragraph of the will establishes a trust with respect to "net rents, income and profits" of the Middle Village property. Its provisions are long and involved, and it is not necessary now to quote them. The will in this and other respects was modified by the codicil, with the result that by the provisions of the will and codicils taken together the trustee is directed to pay the net income arising from all the property of the testatrix to her daughter Amelia A. Barnum, during her life; after her death the Third avenue property and five-eighths of the Middle Village property goes to her children, and the remaining three-eighths of the Middle Village property, upon the death of Mrs. Barnum, goes to the children of Thomas S. Morton, who was a son of the testatrix.

Stephen C. Barnum, son-in-law of the testatrix, was constituted an executor and trustee, and he now remains sole trustee under the will.

On May 20th, 1907, he filed in the Essex county orphans court his account as trustee under paragraph 3 of the will, to which exceptions were filed by the present respondents. The account and exceptions were referred to Charles F. Kocher, Esquire, master, to hear the same for the court and advise what order or decree should be made therein. After testimony upon the exceptions had been taken, and on June 29th, 1907, the accountant, with permission of the court, filed a supplemental account, which met some of the objections raised by the exceptions to the first account. The master sustained certain other exceptions, and a decree was thereupon made as advised by him.

From this decree Stephen C. Barnum, the trustee, appeals to this court.

Upon the argument here the appellant expressly waived all questions raised by his petition of appeal except the two following.

The charges admitted by the accountant in the account consisted entirely of the proceeds of sales of portions of the Middle Village property, the gross amount whereof was $54,334.72. Against this he prayed allowance not only for disbursements incident to the sale of the property, such as agent's commissions, counsel fees and the like, but also for the sum of $6,369.35 for interest paid by him upon a mortgage of $27,500 that had been placed by the testatrix upon the property, the interest thus paid having accrued after her death, and he also prayed allowance for sums aggregating $2,643.50 paid by him on account of taxes upon the same property that accrued subsequent to the death of the testatrix. To these items, among others, the respondents excepted on the ground that it was incumbent upon Amelia A. Barnum, as life tenant of the entire trust estate created by the will, to pay the interest which accrued upon the mortgage subsequent to the death of the testatrix and also the taxes accruing upon the property subsequent to the same event, from the income derived by her as life tenant of the entire trust estate created by the will.

The master sustained this contention, and the decree of the orphans court accordingly struck out the credit items of $6,-395.35 and $2,643.50 just mentioned. These two matters are the only ones pressed upon this appeal, all others being expressly waived.

The learned master relied upon the well-settled rule that where lands are conveyed to a trustee, with directions to pay the income to one for life, with remainder over, the person entitled to the income becomes the equitable tenant for life, subject to all the duties of a life tenant, including the payment of annual taxes and interest upon encumbrances, and that where the trust estate to whose income the life tenant is entitled consists in part of improved property, productive of revenue, and in part of unimproved property producing no revenue, the life tenant is bound to pay the taxes on the unimproved property from the income derived by him from the revenue producing property, so far as such income extends. He cited *Perry Trusts* § *552; Combes* v. *Cadmus, 36 N. J. Eq. (9 Stew.) 382; S. C., 37 N. J. Eq. (10 Stew.) 264; Schulting* v. *Schulting, 41 N. J. Eq. (14 Stew.) 130; Tuttle's Case, 49 N. J. Eq. (4 Dick.) 259; Murch* v. *Smith Manufacturing Co., 47 N. J. Eq. (2 Dick.) 193; Brearley* v. *Molten, 62 N. J. Eq. (17 Dick.) 345.*

Counsel for the appellant concede that the general rule is well established, but contend that this case does not come within it, because of the provision above quoted from the second paragraph of the will, which, it is insisted, set apart the proceeds of the sale of the Middle Village property as a specific fund out of which all encumbrances, including future interest upon existing mortgages and future taxes, must be paid in exoneration of the residue of the estate. I agree with the learned master that this clause has not the effect of exonerating the life tenant, Mrs. Barnum, from paying out of the income producing property on Third avenue the annual charges accruing after testatrix's death upon the unimproved property at Middle Village.

The decree under review awarded a counsel fee to counsel of the exceptants, and ordered that this fee, together with the costs of the proceeding, be paid out of the estate. Respondents in their answer to the petition of appeal set up, under rule 2 of this

court, that this portion of the decree is erroneous, and pray that it may be reversed, to the end that the costs below may be charged against the accountant. I think the court was well justified in ordering the costs and counsel fee to be paid out of the estate.

But I do not think the estate should be burdened with the costs of the present appeal, which seems to have been taken in the interest of Mrs. Barnum, the wife of the trustee, or else in the trustee's individual interest.

The decree under review will be affirmed, with costs to be paid by the appellant out of his own estate.