PEARL C. KEELEY and Another, Plaintiffs, *v.* GEORGE W. CLARK, Defendant.

Supreme Court, Onondaga County, April 24, 1925.

Receivers — action by remaindermen for appointment of receiver for collection of rents, issues and profits of life estate and to apply proceeds thereof to payment of taxes due, taxes heretofore paid by plaintiffs, and future taxes if life tenant fails to pay same — plaintiffs have not adequate remedy at law — court has power to designate receiver to collect rents, issues and profits, and to apply proceeds therefrom to arrears in taxes and to payment of future taxes out of income of estate — plaintiffs also entitled under Civil Practice Act, § 479, to judgment for damages for taxes already paid within six years — execution on judgment stayed while receiver applies income to judgment.

A receiver may be designated to collect rents, issues and profits of a life estate and to pay therefrom taxes now due and in arrears, in order to maintain the property and to protect the remaindermen.

Accordingly, plaintiffs, remaindermen under a will which gave to the defendant the use for his natural life of certain real estate, are entitled to judgment for the appointment of a receiver to collect the rents, issues and profits of said real property, and out of the money so collected to pay such taxes as may be assessed upon said premises, in the event the defendant fails to pay the same, and to turn over to the plaintiffs the sums received by said receiver as income from said real estate until the amounts of the taxes paid by them on said real estate within six years have been fully paid, where it appears that the defendant failed to pay the State, county, highway and school taxes upon said premises for a period of ten years, though he had received the rents, issues and profits of said premises which were sufficient in amount to meet said taxes.

Under the circumstances the plaintiffs have not an adequate remedy at law so as to bar equitable relief.

Moreover, the scope of the receivership should be extended so as to afford a method whereby the taxes paid by the remaindermen may be recovered, in view of the peculiar relations existing between the remaindermen and defendant life tenant and the persistent attitude of the defendant in refusing to properly maintain the life estate.

Under section 479 of the Civil Practice Act the plaintiffs are entitled to a judgment for the taxes paid by them within six years, but execution on said judgment will be stayed so long as the receiver applies the income to the payment of the judgment.

ACTION to recover from life tenant, on account of taxes paid by plaintiffs after failure of the life tenant to pay the same, and for the appointment of a receiver of the life estate to collect the rents, issues and profits thereof and apply the proceeds to the payment of taxes now due and unpaid, taxes heretofore paid by the plaintiffs, and future taxes unless paid by the defendant.

*Frank E. & Ray T. Young,* for the plaintiffs.

*George H. C. Wallace,* for the defendant.

SMITH, J.:

On or about the 6th day of September, 1910, one Henry H. Clark died leaving a last will and testament wherein he gave to his son, the defendant George W. Clark, the use for his natural life of certain real estate situated in the county of Onondaga and State of New York. The remainder of said real property he devised to his two grandchildren, the plaintiffs herein. Said last will and testament was duly admitted to probate, and the said defendant entered into and has continued in the possession of said property since. The defendant failed to pay the State, county, highway and school taxes upon the said premises from the year 1913 down to and including the taxes for the year 1923, although he had the rents, issues and profits of said premises, and such rents, issues and profits appear to have been sufficient in amount to meet said taxes. The plaintiffs paid such taxes from August 1, 1913, down to and including December 26, 1923, amounting in all to $1,781.47.

The plaintiffs ask judgment for the appointment of a receiver to collect the rents, issues and profits of said real property, and, out of the moneys so collected, to pay from time to time such taxes as may be assessed and become a lien upon said premises and to turn over to the plaintiffs the sums received by him as income from said real estate in excess of the taxes levied, until the amounts of taxes paid by them as aforesaid, with interest, have been fully paid; and ask for such other judgment and relief in the matter as may be just and equitable.

The answer, after making admission of the substantial facts set forth in the complaint, alleges that the plaintiffs have an adequate remedy at law for damages and that, therefore this action cannot be maintained, and that the action stated in the complaint did not accrue within six years before the commencement of the action, and that the payments of taxes made by the plaintiffs were made by them voluntarily, without any request from the defendant, and without his consent or knowledge. Upon the trial the defendant failed to appear.

It is clear that whatever rights the plaintiffs have here can be related only to such payments of taxes as have been made by them within six years prior to the commencement of this action. These amount, with the interest thereon up to the date of the trial, to $1,254.38. The failures of the life tenant to pay said taxes have been continuous since 1913 showing a clear intent and purpose on his part, in neglect of his duties as life tenant, to throw this burden upon the remaindermen. This of course he had no right to do, as it was his duty to pay the ordinary taxes levied upon these premises as they became due.

The questions here involved relate to remedies. Can a receiver be appointed; and if so, with relation to what taxes may he be appointed? That is, can he be appointed for the purpose of collecting money to repay the taxes already paid, taxes levied and unpaid, and taxes to be levied in the future? Again, do the plaintiffs have an adequate remedy at law so as to bar equitable relief, and can they have judgment in this action as in damages?

In *Cairns* v. *Chabert* (3 Edw. Ch. 330) the payment of ordinary taxes was in arrears and a receiver was appointed " of so much of the rents and income of the estate as shall be necessary to pay off and discharge the taxes now due and in arrears to the corporation." This decision has stood as expressive of the law of this State since it was rendered, and it is, therefore, clear that a receiver can in this action be appointed to collect the rents, issues and profits and to pay therefrom arrears of taxes. Can the scope of the receivership be extended so as to permit the collection of the rents, issues and profits and

payment of the same over to the plaintiffs to reimburse them for the taxes in arrears and paid by them? This defendant has persistently failed to pay these ordinary taxes, and each year, in order to protect their interests, the plaintiffs have paid them, and each year would, under the rule as laid down in *Cairns* v. *Chabert* (*supra*) have been entitled to bring an action for the appointment of a receiver to collect the rents, issues and profits to the extent necessary to pay taxes in arrears. It is true that the plaintiffs likewise, having paid the taxes, could each year have recovered a judgment in damages, and could have either sold out the life estate of the defendant on execution or have had a receiver appointed therein of the rents, issues and profits thereof sufficient to satisfy the judgment.

It seems to me that on account of the peculiar relations existing between life tenants and remaindermen, and of the duties of life tenants with respect to taxes and to the prevention of waste, and in view of the persistent attitude of the defendant herein, and to avoid continuous actions at law or in equity, the scope of the receivership should be extended so as to afford a method whereby taxes paid by the remaindermen may be recovered. So far as the life tenant is concerned, these taxes are in arrears; the remaindermen paid them because they had to protect their estate, and, for their benefit, the income of the estate is chargeable with their payment. In view of the attitude of he defendant, the receiver, in case he fails to pay future taxes, should pay them out of the income of the estate.

This remedy creates no hardship upon the defendant, and is much less severe than would be the recovery of a judgment in damages and a sale under execution of the life estate. It is peculiarly equitable in that it avoids what otherwise might amount to a forfeiture of the estate. Furthermore, the life tenant can defeat the receivership at any time by payment of the arrears.

Appointment of receivers of rents, issues and profits of life estates to pay taxes, accrued charges in the way of interest, and to maintain the property and protect the remaindermen, is the ordinary and usual remedy. (*Sweeney* v. *Schoneberger*, 111 Misc. 718.)

The plaintiffs herein also ask for judgment in damages on account of the taxes already paid. It has already been noted that they would have been entitled to have recovered judgments for damages, and now are entitled, in a proper action brought for such purpose, to recover against the defendant a judgment on account of the taxes paid, to the extent that they have not been barred by the Statute of Limitations. Can they recover such a judgment in this

action? To say that they can is to say that they have a remedy at law and, in so far as that remedy would give them judgment for the full amount, an adequate remedy. Section 479 of the Civil Practice Act in part provides: " Where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issue."

The real purpose of this action is to recover on account of the taxes paid by the plaintiffs which should have been paid by the defendant, and I see no reason why the plaintiffs should not be entitled to judgment for damages for the amount of the taxes paid as aforesaid, amounting, with interest to the date of the trial, to the sum of $1,254.38.

Can the plaintiffs have judgment for damages and also the appointment of a receiver of the rents, issues and profits, instructed to apply any balance coming into his hands, after payment of proper prior charges, upon this judgment? Certainly the plaintiffs are entitled to the receivership with respect to taxes now in arrears, which, on account of the persistent attitude of the defendant, ought to be extended so as to apply to the payment of any future taxes not paid by the defendant which accrue pending the receivership. I can see no hardship, and much justice, in having the duty imposed upon the receivership to apply any surplus of rents, issues and profits to the discharge of the indebtedness found to be due from the defendant to the plaintiffs. Certainly the defendant is in no wise harmed, for the reason that the plaintiffs are in position to sell out the life estate or take any other action with respect to the same which their judgment in damages would entitle them to take. And, on the other hand, defendant may discharge the receivership at any time by payment of the amounts due. But the plaintiffs may not have execution upon the judgment for damages so long as the duties of the receiver cover the application of the income to the payment of the judgment, and for such time the issuance of execution will be stayed, subject to the right of plaintiffs to apply, at the foot of the decree to be entered herein, for a modification of the decree in this respect.

Plaintiffs are entitled to the relief as above indicated, together with the costs of the action.

Decreed accordingly.