In the Matter of the Estate of ALMA L. SLATER, Deceased.

Surrogate's Court, Westchester County, April 17, 1930.

*Budd & Coffey* [*Kenneth C. Quencer* of counsel], for the accounting executor.

*Louis W. Stotesbury*, for Winifred L. Slater, widow of deceased beneficiary and trustee.

*R. E. & A. J. Prime* [*William C. Prime* of counsel], for the respondents, daughters of deceased trustee.

*Daniel J. Cashin*, special guardian.

SLATER, S.   Alma L. Slater died in 1922 leaving a will as follows: " All the rest of my estate I leave in trust to my husband, Frederick R. Slater, he to have the income during his life, the principal of the estate to go to my daughters, at his death, share and share alike.   If either of my said daughters dies before their father and leaves no issue, the entire residue of the estate goes to the remaining daughter at their fathers death.   If however the deceased daughter left issue, their mothers share of my estate shall be paid to the issue.   In the event that both daughters die before my said husband, the estate left in trust to him shall revert to him outright.

" I hereby appoint my husband Frederick R. Slater as executor without bond."

The will was a home-drawn affair, and that occasions the trouble at the present time.

In 1923 Frederick R. Slater, as executor, accounted. At that time the question arose as to whether he should give a bond for the personal property, amounting to about $6,000. In order to compel the giving of a bond, the court stated that Frederick R. Slater held the personal property as trustee of the estate. This came by way of suggestion from the special guardian.

The decree upon the executor's accounting directed that he pay the personal property " to Frederick R. Slater as trustee of the trust created by the will of the said decedent pursuant to the terms of the said will."

It appears that Frederick R. Slater remarried and died leaving a widow and a child of the second marriage. There passed to Frederick R. Slater under the will of his wife, Alma, an interest in real estate in New York city and the home property in Yonkers. It is now contended by persons representing his estate that he is entitled to commissions upon the said real estate, as trustee, because this court made such a statement in the decree upon the executor's account. I cannot adhere to this contention. The matter of the construction of the inartificially drawn will was not before the court and the statement in the decree does not adjudge that he is the trustee of the real estate passing under the will. It was my opinion then and now that in law he only had a life estate. (*Hodgman* v. *Cobb*, 202 App. Div. 259, 265.)

Is he entitled to commissions upon the real estate pursuant to section 285 of the Surrogate's Court Act for having " received, distributed or delivered " the real property? As executor, he did not make a sale, nor was there any equitable conversion in the will. Consequently, his estate is not entitled to commissions upon the real estate. (*Matter of Barker*, 230 N. Y. 364; *Matter of Potter*, 106 Misc. 113; *Matter of Seiss*, 119 id. 521; *Matter of Taylor*, 121 id. 7; *Matter of Greer*, 123 id. 909.)

The other question relates to the payment of taxes, repairs and betterments upon the homestead real estate at Yonkers.

Having a life estate, it carries the burden of payment of the taxes and repairs. It is claimed by the Frederick R. Slater estate that *Matter of Limburger* (128 Misc. 577), a decision by this court, holds that a life tenant should not be charged with taxes and repairs. The *Limburger* case is not in point. Entirely different facts exist. There is a difference between a legal life estate and a legal life estate with the addition of the power of disposing of the principal during life. The *Limburger* case, in addition to this, also charges the life tenant with the maintenance of the daughter.

The two cases are quite dissimilar. The life tenant in the instant case must·be charged with the taxes and repairs, and he cannot be reimbursed for such.

As to betterments and permanent improvements: He can be reimbursed for the following articles:

| | | |
|---|---|---:|
| June 26, 1923........ | Weatherstrips................. | $167 58 |
| March 16, 1925...... | Copper gutters................ | 136 50 |
| 1926, 1927, 1928..... | Payments on oil burner........ | 1,122 98 |
| 1927, 1928........... | Repairs to road or drive........ | 285 00 |
| | Repairs to road or drive........ | 169 00 |
| Making in all a total of...................... | | $1,881 06 |

The interest of the life tenant in certain real estate in New York city, being an undivided one-sixth, was sold in a proceeding in the Supreme Court for the sale of the life tenant's interest. The proceeds due the life tenant were paid to Bern Budd, as trustee, pursuant to sections 67–70 of the Real Property Law (as amd. by Laws of 1920, chap. 639). Mr. Budd is now accounting in the Supreme Court. The matter of his commissions will be fixed by the decree in that proceeding. It is not a matter before this court, although Mr. Budd has filed a supplemental account herein, being a copy of his account in the Supreme Court.

Submit decree in accordance herewith.