LOUIS DEPRISCO and ROSALIA DEPRISCO,

vs.

VICTORIA RYKACZEWSKI, WILMINGTON SAVINGS FUND SOCIETY, a corporation of the State of Delaware, THE MAYOR AND COUNCIL OF WILMINGTON, a municipal corporation of the State of Delaware, and WALTER S. BURRIS, Receiver of Taxes for Wilmington Hundred.

*New Castle, January 4, 1932.*

*Leonard E. Wales*, for the complainants.

THE CHANCELLOR: As to taxes, interest and repairs, there is no doubt of the obligation of the life tenant to bear them, at least to the extent of the rents and profits. *In re Corbin*, 101 *App. Div.* 25, 91 *N. Y. S.* 797; *In re Slater's Estate*, 137 *Misc. Rep.* 54, 242 *N. Y. S.* 733; *Sullivan v. Bland*, 215 *Ky.* 57, 284 *S. W.* 410; *Goodman v. Malcom*, 5 *Kan. App.* 285, 48 *P.* 439; *Gould v. Gould*, 126 *Misc. Rep.* 54, 213 *N. Y. S.* 286; *Ivory v. Klein*, 54 *N. J. Eq.* 379, 35 *A.*

346; *Abney v. Abney,* 182 *Ala.* 213, 62 *So.* 64; *Plympton v. Dispensary,* 106 *Mass.* 544; *Barnum v. Barnum,* 42 *Md.* 251; *Morton Case,* 74 *N. J. Eq.* 797, 70 *A.* 680; *Thomas v. Thomas,* 17 *N. J. Eq.* 356; *In re Farrell,* 133 *App. Div.* 97, 117 *N. Y. S.* 773; *Gates v. Rice,* 320 *Mo.* 580, 8 *S. W.* (2d) 614; *In re Lee,* 171 *Minn.* 182, 213 *N. W.* 736; *In re Williams' Estate,* 133 *Misc. Rep.* 322, 232 *N. Y. S.* 521, 522; *Richardson v. McCloskey,* (*Tex. Com. App.*) 276 *S. W.* 680. We are concerned in this case with only taxes and interest which the complainant paid because of the life tenant's failure to attend to them. While the bill alleges that repairs have not been made, yet the allegation is general and the evidence is meager. There is no showing either that insurance has not been provided for by the life tenant in accordance with her agreement.

The defendant's obligation to pay the taxes and interest rests on her as an incident to her life estate. Her express agreement to keep them down is but a voluntary assumption of a duty already imposed upon her by the law.

Are the complaining remaindermen entitled to the relief of a mandatory order upon the defendant to pay the past due and current taxes and interest, and, in default of performance, the appointment of a receiver, as prayed? There appears to be no dissent among the authorities that deal with the question. In *Cairns v. Chabert,* 3 *Edw. Ch.,* (*N. Y.*) 330, it was held that, unless the life tenant showed the taxes in arrear to have been paid within a designated time, a receiver should be appointed of so much of the rents and income as would be necessary to pay off and discharge the taxes. This case was cited with approval in *Murch v. Smith Manufacturing Co.,* 47 *N. J. Eq.* 193, 20 *A.* 213, and *Sage v. Gloversville,* 43 *App. Div.* 245, 60 *N. Y. S.* 791. See, also, *Sidenberg* v. *Ely,* 90 *N. Y.* 257, 43 *Am. Rep.* 163. The appointment of a receiver of rents, issues and profits of life estates to pay taxes, accrued charges in the way of interest, and to maintain the property and protect the remaindermen is described as the ordinary and well known rule in equity,

in *Sweeney v. Schoenberger*, 111 *Misc. Rep.* 718, 186 *N. Y. S.* 707, and *Keeley v. Clark*, 125 *Misc. Rep.* 541, 211 *N. Y. S.* 391. In *St. Paul Trust Co., Adm'r., v. Mintzer*, 65 *Minn.* 124, 67 *N. W.* 657, 32 *L. R. A.* 756, 60 *Am. St. Rep.* 444, the Supreme Court of Minnesota gave directions to the lower court to administer equitable relief of this nature.

The solicitor for the complainants may submit a decree providing for the appointment of a receiver for the rents and profits with authority to apply them to the payment of taxes and interest now due and unpaid as well as to the interest and taxes already advanced by the complainants, unless before the day designated therein the defendant shall have paid and discharged the same.