ST. PAUL TRUST COMPANY, Administrator, v. ANNA R. MINTZER.[1]

June 16, 1896.

Nos. 9867—(146).

Life Estate — Payment of Taxes by Administrator with Will Annexed—Receiver—Sale.

The life tenant in a homestead estate neglected and refused to pay taxes or make repairs thereon for many years, and to save the estate from entire loss to the reversioners the taxes were paid by the administrator with the will annexed, having the power so to do by the express terms of the will. Held, that such administrator might proceed in equity to have a receiver appointed to take charge of the premises, collect the income or rentals of the property, and apply the proceeds to pay the taxes and necessary expense of repairs, and reimburse the administrator for such taxes and expenses so paid, and also pay from such income any unpaid taxes or necessary expense for repairs necessarily made to save the property; and that, if such rental is insufficient, the receiver may, under authority and direction

[1] Reported in 67 N. W. 657.            [2] Rev. St. 1846, c. 155, § 8.

of the trial court, proceed to sell the life estate of the defendant in the premises, or so much thereof as may be sufficient for such purpose.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the complaint. Reversed.

*Harvey Officer*, for appellant.

Plaintiff, as administrator with the will annexed, and under the tenth subdivision of the will, is entitled as against defendant to the possession of the real estate. It may be conceded that an administrator could not be entitled to the reversion, against the life tenant; that in such case the heir at law, only, could obtain judgment of forfeiture and eviction for waste; and that an executor under a will, even if it contain a power of sale of the real estate, for the purpose of paying debts or legacies, would be in the same condition, as to the reversion. Sutphen v. Ellis, 35 Mich. 449; Page v. Davidson, 22 Ill. 112. But under the tenth subdivision of the will none of the real estate was devised to any of the persons therein named. The will must be construed as a devise in fee to the executors by implication. It creates a lawful trust under G. S. 1894, § 4284. 1 Perry, Trusts, c. 4, § 112; G. S. 1894, §§ 4276, 4277, 4373; Ness v. Davidson, 45 Minn. 424, 48 N. W. 10. The facts alleged constitute an abandonment of the homestead. Donaldson v. Lamprey, 29 Minn. 18, 11 N. W. 119; Russell v. Speedy, 38 Minn. 303, 37 N. W. 340; Baillif v. Gerhard, 40 Minn. 172, 41 N. W. 1059; Quehl v. Peterson, 47 Minn. 13, 49 N. W. 390; Gowan v. Fountain, 50 Minn. 264, 52 N. W. 862. Defendant's estate for life has become a matter of record, and the trustee cannot sell this property, either under a license of the probate court to pay expenses of administration or in exercise of the power, for the purpose of division of the proceeds, until it shall have not only possession, but have the record cleared from her apparent life estate. Defendant is a debtor to plaintiff to the extent of the adjudicated balance. Plaintiff is entitled to judgment for treble damages under G. S. 1894, § 5882.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

The right of action and the remedy given by G. S. 1894, §§ 5879, 5882, 5883, conform with slight modification to the technical com-

mon law action of waste. Section 5879 extends the right of action to a reversioner notwithstanding an "intervening estate for life or years." The common law gave the right of action to him, only, who had an immediate estate of inheritance. Peterson v. Clark, 15 Johns. 205; Greene v. Cole, 2 Saunders, 252 (note). Section 5582, so far as this action is concerned, is identical with the statute of Gloucester, which extended the scope of the action of waste. Parrott v. Barney, Deady (U. S. C. C.) 408, Fed. Cas. No. 10,773a. The right of action is given to "any person injured by the waste." But sections 5879 and 5882 alone show that within the provision of the statute the person injured is the reversioner or remainderman. The party injured must have an interest in the estate, and that interest must be that of a reversioner or remainderman. Peterson v. Clark, 15 Johns. 206; Perrine v. Marsden, 34 Cal. 17; 6 Wait, Act. & Def. 251; Bliss, Code Pl. § 33; 3 Blackstone, 223. The word waste, as used in the statute, is undoubtedly used in its strict technical sense and signifies an act which amounted to waste at common law where a privity of estate existed. The statute does not define waste, therefore resort must be had to the common law. Benson v. State, 5 Minn. 6 (19). Plaintiff has no estate in remainder or reversion. Defendant has an absolute unconditional estate for life. McCarthy v. Van Der Mey, 42 Minn. 193, 44 N. W. 53; Mintzer v. St. Paul Trust Co., 45 Minn. 323, 47 N. W. 973. Plaintiff has "no title to or interest in the real estate." Wilson v. Proctor, 28 Minn. 16, 8 N. W. 830; Noon v. Finnegan, 29 Minn. 420, 13 N. W. 197; Hill v. Townley, 45 Minn. 167, 47 N. W. 653. The will does not give the executor an estate in reversion or remainder. The allegation in the complaint of a reversionary interest is but a conclusion of law. Preston v. Smith, 26 Fed. 888. The tenth subdivision of the will contains no word of grant, and it is unnecessary to give the executor an estate by implication. The testator's intention can be carried out without reading anything into the will. Schauber v. Jackson, 2 Wend. 33. The testator left heirs, and the fee is in them. Jackson v. Schauber, 7 Cow. 197; Taylor v. Benham, 5 How. (U. S.) 269. The interests of the trustees cannot be broader than the duties imposed. Farmers' Nat. Bank v. Moran, 30 Minn. 165, 168, 14 N. W. 805. The land is not devised to plaintiff. The will contains no words of grant. The law will not imply an unnecessary estate.

The executor takes a general power in trust defined in G. S. 1894, § 4322. See Perry, Trusts, § 308, and cases cited; Sutphen v. Ellis, 35 Mich. 449; Page v. Davidson, 22 Ill. 112. A creditor, even with a specific lien upon land, cannot bring an action of waste. He may bring an action on the case in the nature of waste, which is nothing but an action for damages for a tort caused by waste, or he may enjoin the commission of waste. Tiedeman, Real Prop. § 351; 2 Washburn, Real Prop. (5th Ed.) 139.

BUCK, J. William L. Mintzer died February 23, 1883, at the city of St. Paul, Minnesota, leaving a will, which was duly probated, and one John Jones, one of the executors named in the will, duly qualified as such, and entered upon the discharge of his duties, but he died about May 4, 1886, leaving the will unexecuted, and on or about June 11, 1886, this plaintiff was duly appointed by the probate court of Ramsey county as administrator de bonis non with the will annexed, and duly qualified and entered upon the discharge of its duties, and ever since has been, and now is, acting as such administrator. Mintzer left surviving him a widow, but no issue. The will has been so far executed that all the just debts and demands existing against him at the time of his death have been paid in full, and all specific legacies of money or personal property and all lawful devises of specific real estate have been paid and satisfied in full, save and except that the tenth subdivision of the will has not been executed. The tenth subdivision reads as follows:

"All the rest, residue, and remainder of my estate I give, bequeath, and devise as follows: I direct my executors to take charge of the same, collecting the rents, paying all taxes, assessments, and charges thereon, and to make report of all their doings to the probate court of Ramsey county, Minnesota, at least once a year. The balance in their hands, if anything shall remain of said rents after paying the charges aforesaid, shall be distributed to the persons entitled to the real estate as hereinafter provided. I wish this to continue during the life of my nephew, William Mintzer, son of George Mintzer, and the life of George A. Hicks, provided, however, that at the expiration of ten years from my death, if either or both of said parties, William Mintzer and George A. Hicks, should be living, nevertheless the property may be sold by the executor or their successors, and the proceeds divided among my nephews and nieces hereinabove named, viz. Sarah Mintzer, daughter of Adam Mintzer (married to one Clough), George, Charles, Fred, John, Amelia, Josephine, Maggie, Charles, Charles Titus, Dr. William Titus, Almira Egbert, and the

children of Adam Snyder one share, except and provided that I wish one lot in Dunwell & Spencer's addition to West St. Paul to be given and conveyed to Charles Flynn, aforesaid, his heirs and assigns; the selection of the lot to be left to my executors, but I request them to give him one of the best."

The ten-years limitation provided for in the will for the division and distribution of the estate expired on February 23, 1893, at which time the plaintiff fully accounted to the probate court for all business and transactions performed by it in behalf of the estate, and said court, on March 13, 1893, by its decree and judgment duly made and entered in the matter of said estate, duly decreed and adjudged that there was then due and owing to this plaintiff, as such administrator, for taxes, assessments, and other lawful charges, disbursements, and expenses of administration, a balance and sum of $16,750.69 over and above all moneys by it then had and received.   There was no money or personal property belonging to said estate wherewith the said balance due this administrator could be paid, and the devisees and legatees under said will, including this defendant, failed, neglected, and refused to pay said balance, or any part thereof, and by reason thereof no final decree assigning and awarding the said estate to the persons entitled thereto was made, or could be lawfully made, in the matter of said estate in said probate court.

By reason of the nonpayment to plaintiff of such balance, it was necessarily compelled, against its wishes, to exercise the duties as such administrator; and upon a subsequent accounting in said probate court it was decreed and adjudged that there was due upon said estate to this plaintiff, as such administrator, the sum of $20,143.02. There was not, and is not now, any money or personal property belonging to said estate in the hands of this administrator, and there is no real property belonging to said estate except one small house or shanty, the rents whereof were and are nominal, and do not exceed the sum of $60 per annum, and except the homestead tract, which consists of 30 acres and $^{36}/_{100}$ of an acre, particularly described in the plaintiff's complaint, and of which the testator died seised in fee, at which time there were valuable tenements, improvements, fences, and buildings, to wit, a dwelling house, barn, and outhouses thereon, and which premises, prior to the time of his decease, were occupied by the testator and his wife as a homestead, and which premises the defendant, as the widow of the testator, continued to hold as a

homestead until about March 10, 1891, at which time she removed from said homestead to another dwelling house in the county of Ramsey, where she has ever since continuously resided, and occupied the same as her homestead, having rented her first-described homestead to tenants not members of her family, and received the rents and income therefrom, but has wholly failed and neglected to pay the taxes assessed thereon, amounting to the sum of $2,507.04, for the years 1885 to 1890, inclusive, which plaintiff, as such administrator, was compelled to pay to save said homestead from tax sale for taxes, penalties, costs, charges, and expenses; said taxes having been so paid also under the order and authority of the probate court of Ramsey county, and at the request of the reversioners.

The unpaid taxes, costs, and penalties upon said homestead now due for the years 1891 to 1894, inclusive, amount to $2,321.91, which have not been paid by this plaintiff for want of funds. The defendant has also, ever since she became entitled to the right and use of said premises as a homestead, refused and neglected to keep the buildings, fences, and other improvements thereon situated in proper repair, and has suffered the same to become dilapidated and out of repair. The plaintiff paid said taxes upon the said estate at the written request of all persons interested therein except this defendant, first exhausting all rentals received from other premises for such purpose, and made the advances to save such estate. The reasonable market value of said homestead does not exceed $23,100, and in the present condition of the real-estate market it would not sell for a sum exceeding $10,000; and the defendant, while having ample means outside of said homestead to pay the taxes thereon and keep the same in repair, refuses and neglects to do so. The defendant still collects the rental from said homestead, which is continually depreciating in value, and is not adequate security for the taxes paid and unpaid thereon.

The relief asked is for an accounting; that the value of defendant's life estate in the premises be ascertained; that a receiver be appointed of said premises; that the defendant be enjoined from leasing or collecting rents from said homestead; that her life estate be adjudged terminated, or her homestead right adjudged forfeited; and that the names of persons now in possession as tenants be disclosed, that they may be made parties herein.

65 M.—9

A demurrer was interposed to the complaint upon three grounds: (1) That the plaintiff had not the legal capacity to sue; (2) that several causes of action are improperly united; (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained upon the ground that the facts alleged in the complaint do not show that the plaintiff is entitled to the reversion of the real estate so as to entitle it to an eviction, and because the facts pleaded do not show that the plaintiff is a creditor of the defendant, and that the facts pleaded as an abandonment do not operate as such in favor of the plaintiff.

The facts pleaded, however, do show the very strongest grounds for equitable relief. We regard the certain persons named as beneficiaries in the tenth subdivision of the will as reversioners, within the legal or equitable definition of that term. But we do not consider the abandonment of the homestead by the defendant, and her subsequent acquirement of another, at all material. She had only a life estate in the premises, and it was therefore her duty to pay all taxes properly assessed against them. This she refused or neglected to do. Upon the death of John Jones, the executor, this plaintiff was appointed administrator with the will annexed of the estate not administered. G. S. 1894, § 4453, provides that the term "executor" in this Code shall be construed to include an administrator with the will annexed. Referring again to the tenth subdivision of the will, we find that it was the duty of the executor to take charge of all the rest, residue, and remainder of the testator's property not specifically devised, collect the rents, pay all taxes, assessments, and charges thereon, and make report to the probate court of Ramsey county at least once a year. The duties of the administrator in this respect were those of a trustee, and, whatever plaintiff did in this respect in regard to paying taxes upon the homestead, it was not as a volunteer, but performing a duty specifically enjoined by the terms of the will itself. When the defendant refused or neglected to pay the taxes for years upon the homestead, and there was danger of the premises being thereby lost to the reversioners, the homestead fell within the provision in the will, viz. "all the rest, residue, and remainder of my estate," which it was plaintiff's duty to save if the life tenant was guilty of not paying the taxes thereon.

The reversioners were under no obligations to pay taxes, or protect

the property as against waste by reason of nonrepairs, so far as concerned the life estate of the defendant. That was the duty of the defendant herself, for the law is too well settled to need discussion that a tenant for life of real estate is compelled to pay taxes and the expense of repairs out of the rents and profits, whether such life estate comes by will, conveyance, or operation of law, unless the life tenant voluntarily pays them out of other funds. In this case, if the life tenancy ceased by reason of the death of the defendant or otherwise, the reversioners would be entitled to take the fee, unless, after the death of the testator's nephews William Mintzer and George Hicks, subject to the right of the trustee to sell the premises, and divide the proceeds among the nephews and nieces of the testator, as specifically provided by the terms of the will. Of course, a power may be granted by devise in a last will and testament. G. S. 1894, § 4334. And the trust conferred by the terms of the will upon the executor was valid as a power, and, this being so, the acceptance of the trust made the duty of the trustee co-ordinate with the power conferred. One of the duties or trusts expressly enjoined by the will was that the executor should collect the rents and pay taxes, and, the plaintiff having been duly substituted in place of the executor as administrator with the will annexed, it was its duty to use due diligence in this matter. 2 Perry, Trusts, § 527. The power of an administrator with the will annexed to perform the duty conferred upon the executor by the terms of the will is expressly authorized by G. S. 1894, § 4464, viz.: "To perform every act and discharge every trust as the executor named in the will would have had, and their acts shall be as valid and effectual for every purpose."

The right of the plaintiff to be reimbursed out of the life estate does not rest upon the fact that she has abandoned it as a homestead, but upon the broader ground that, she having failed to pay the taxes thereon and to keep the same in repair, and having thereby allowed it to depreciate in value, with great danger of entire loss to the reversioners, it became the duty of the plaintiff, under the terms of the will, to discharge this duty, and for the expense so incurred it is entitled to be reimbursed out of the life estate. These taxes were paid at the request of all of the reversioners, and with the approval of the probate court; and while these facts do not constitute plaintiff's authority for so doing, they materially aid in show-

ing its good faith.    Therefore, assuming that it was the duty of the life tenant to keep down the taxes, to keep the premises in repair, and also preserve the property from decay to the extent, at least, of the rental value of the premises, she having neglected and refused to do so, the plaintiff is entitled to have a receiver appointed to collect the rents sufficient in amount to discharge the liabilities of the life tenant's estate for which she is answerable.    Murch v. Smith Mnfg. Co., 47 N. J. Eq. 193, 20 Atl. 213; Cairns v. Chabert, 3 Edw. Ch. 330.    In the latter case a bill in equity was sustained against the life tenant to restrain the disposition of property, and to compel the tenant to keep down assessments and taxes; and upon motion an order was entered for the appointment of a receiver of so much of the rents and income of the estate as should be necessary to pay off the taxes in arrear, unless within 40 days from the service of a copy of the order the tenant should show to the satisfaction of the master that the taxes had been paid.    This case is cited with approval in Phelan v. Boylan, 25 Wis. 679.

If the life tenant permits the premises to decay for want of repair, and neglects to pay the taxes, subjecting the estate to sale therefor, with accumulated costs and penalties, it must diminish the value of the estate, and thus there is a resulting, lasting damage to the freehold or inheritance, and this constitutes waste.    Stetson v. Day, 51 Me. 434; Phelan v. Boylan, supra; 1 Washburn, Real Prop. 107. But, although the defendant has been guilty of permissive waste, we do not think that it is such waste as would constitute an absolute forfeiture of the estate, and therefore the action does not come within the provisions of G. S. 1894, §§ 5882, 5883.    But the facts alleged constitute substantial ground for relief in equity, and entitle the plaintiff to protect the inheritance, and, if possible, have it restored to the condition it would be in if the defendant had not been guilty of wrongdoing.

Our conclusion is that, while the plaintiff is not a remainder-man or reversioner, so as to entitle it to maintain a common-law action of waste, yet it is entitled to maintain this action for equitable relief; to have a receiver appointed, as prayed for in the complaint; to have an accounting of all rentals received by defendant and taxes paid by plaintiff, as well as the amount of unpaid taxes ascertained, and of the amount necessary to make repairs to save the property

from loss to the reversioners; and that, if the same, with necessary expenses, are not paid by the defendant within a reasonable time, to be fixed by the trial court, the life estate of the defendant in the homestead premises described in the complaint may be sold by decree and judgment of the trial court to reimburse the plaintiff for all such necessary disbursements, and to pay the unpaid taxes on said premises and keep them in repair; and to have an injunction against defendant that she be restrained from collecting any more rentals of the premises until the further order therein of the trial court.

The order sustaining the demurrer is overruled, and the cause remanded, with instructions to the trial court to proceed in the matter not inconsistently with the views herein expressed.