Argued May 8, affirmed May 20, 1970

BECK, *Respondent, v.* SOUTHERN OREGON
HEALTH SERVICE, INC., *Appellant.*

469 P2d 622

*Philip L. Nelson*, Grants Pass, argued the cause for appellant. With him on the briefs were Balderree & Calvert, Grants Pass.

*Donald H. Coulter*, Grants Pass, argued the cause for respondent. With him on the brief was William H. Ferguson, Grants Pass.

Before MCALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

TONGUE, J.

This is an action against an insurance company to recover the sum of $2,298 paid by plaintiff for dental work performed following an automobile accident. The case was tried before the court, without a jury, under stipulated facts. Defendant appeals from an adverse judgment in the full amount of the claim, contending that the dental work involved was not covered by the insurance policy.

Plaintiff was insured under defendant's "pre-paid hospital doctor plan." Defendant's bylaws provide, in an article entitled "Benefits to members", that no payments will be made for "dental care." The benefits of the plan, however, are also described in detail in a booklet issued by defendant. As described in that booklet, the plan provides for "maximum payments" for various medical services, including various surgical operations, for which a detailed fee schedule is set forth. For "anesthetic", however, payment is to be made "on a basis of 75% of charge made," without limitation in amount.

The booklet, in describing the benefits payable under the plan, then states as follows:

"DENTAL SERVICES
Furnished in the care and treatment of fractured jaws."

No limitation upon the amount of payment for such dental services is provided.

On July 27, 1965, plaintiff was involved in an automobile accident in which she received "multiple fractures of the jaws." It was also stipulated that as a direct and promixate result of such injuries plaintiff incurred dental care and treatment of her fractured jaws, including a "reconstruction of the posterior teeth, upper and lower, in order to restore normal occlusion and relation to tempero-mandibular-joint structures." In all, 18 teeth were restored, including nine porcelain and gold crowns. The restorative work was begun in January and completed in June, 1966, at a cost of $2,075, in addition to other dental work performed immediately after the accident.

Despite defendant's contentions to the contrary, we fully agree with the trial judge that the words "dental services furnished in the care and treatment of fractured jaws", without limitation in amount payable, must be interpreted to mean "exactly what it says" and that, when so interpreted, the dental work involved in this case is clearly within the coverage of the insurance policy.

Defendant also contends that "the trial court erred in granting judgment for $2,298, when that amount included $135 which the plaintiff never demanded in her complaint", in which plaintiff prayed for judgment in the sum of $2,173.

■ It appears from the record, however, that this case was submitted for decision by the trial court based upon stipulated facts, as set forth in a written stipulation, which stated that "the court may make judgment based on the complaint and stipulated facts." It also appears that even after the opinion of the trial judge, holding that plaintiff was entitled to recover, an "additional stipulation" was made and filed by the parties to amend the original stipulation.

From this stipulation, as amended, it appears, as found by the trial judge, that as the result of her fractured jaws plaintiff incurred bills for dental treatment totaling $2,489, of which $191 had been paid by defendant, leaving a balance of $2,298. Accordingly, judgment was entered in that amount, although the original complaint prayed only for judgment in the sum of $2,173.

As previously noted, however, it had been agreed in a signed stipulation, filed of record, that "the court may make judgment based on the complaint *and stipulated facts*." It follows that the effect of this stipulation, as subsequently amended, was to amend plaintiff's complaint and increase the amount claimed to be due to the sum of $2,298. Accordingly, the trial court very properly entered judgment in that amount. At the least, by joining in that stipulation defendant invited any resulting error and is thus estopped from assigning it as error on this appeal. Cf. *Harris v. Harris*, 160 Or 276, 281, 84 P2d 500 (1938).

Affirmed.