Submitted on record and brief October 3, 2003, affirmed January 14, 2004

Gary Dana Eric MOSER,
*Appellant,*

*v.*

DKN IND.,
dba Legacy Auto Glass,
*Respondent.*

02-2124; A120515

82 P3d 1052

Gary Dana Eric Moser filed the brief *pro se*.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

Edmonds, P. J., concurring.

## WOLLHEIM, J.

Plaintiff appeals from a judgment entered after the trial court reduced the amount of damages requested in the prayer of plaintiff's complaint, following the entry of an order of default. We review for abuse of discretion and affirm.

Plaintiff received unsolicited telephone calls from defendant, seeking plaintiff's business. Plaintiff asked defendant to stop the calls but, despite defendant's statement that the calls would stop, they continued. Plaintiff then filed a complaint against defendant, alleging claims of breach of contract, harassment, and negligence. For each claim, plaintiff alleged similar damages: noneconomic damages of $1,000 and punitive damages of $1,000 for a total of $6,000 on the three claims, plus reasonable costs and disbursements.

Defendant was properly served but did not appear. Plaintiff moved for a default order and judgment and included an affidavit in support of the default judgment. The affidavit stated that plaintiff was entitled to damages of $6,000 plus costs and disbursements of $141. The trial court, without a hearing, granted plaintiff an order of default and entered a final judgment, but it reduced the award of damages to $500. Plaintiff requested reconsideration and submitted another affidavit. In the second affidavit, plaintiff stated that he "does agree with the [trial court] that the asked for amount of $6,000.00 may have been somewhat unreasonable" but asked the trial court to reconsider its reduction in damages. The court denied reconsideration.

On appeal, plaintiff argues that the trial court erred in failing to award the full amount of damages, $6,000, or to award a lesser, but reasonable, amount of damages. The gravamen of plaintiff's assignment of error is that the trial court should not have reduced the amount of damages without providing plaintiff some explanation.[1]

---

[1] Plaintiff also makes other assignments of error, which we reject without discussion.

ORCP 69 B governs the entry of a default judgment. ORCP 69 B(2) requires a plaintiff to submit an affidavit concerning the amount of damages. The trial court has discretion to conduct a hearing "to determine the amount of damages." *Id.* ORCP 69 B(3) requires that the judgment "shall be for the amount due as shown by the affidavit." However, the trial court "may determine the truth of any matter upon affidavits," ORCP 69 B(2), and thus the trial court is not required to enter the amount requested in the affidavit if it determines that "the amount due as shown by the affidavit," ORCP 69 B(3), is not correct.

■ Plaintiff's prayer requested punitive damages of $3,000—$1,000 on each of the three claims. Plaintiff was not entitled to recover any punitive damages because he failed to comply with ORS 18.535(2), which provides that, "[a]t the time of filing a pleading with the court, the pleading may not contain a request for an award of punitive damages." In order to allege punitive damages, plaintiff would have had to move for an order allowing the filing of an amended complaint. Such a motion requires affidavits and documentation supporting the claim for punitive damages. ORS 18.535(2). The trial court was correct in not awarding plaintiff any amount for punitive damages.

■ Plaintiff's prayer requested noneconomnic damages of $3,000—$1,000 on each of the three claims. Plaintiff was not entitled to recover noneconomic damages on his breach of contract claim because noneconomic damages are generally not recoverable on a breach of contract claim. *Keltner v. Washington County*, 310 Or 499, 504, 800 P2d 752 (1990).

■ Each of the remaining claims, harassment and negligence, alleges noneconomic damages of $1,000. The trial court could have treated plaintiff's prayer as seeking duplicate damages and could have concluded that plaintiff's total noneconomic damages did not exceed $1,000. Neither the complaint nor the affidavits explained why plaintiff was entitled to $1,000 in noneconomic damages. Plaintiff failed to give the trial court sufficient information establishing the amount of damages. Plaintiff did not request a hearing before the trial court. Without a request for findings of fact, the trial

court could have determined that $500 adequately compensated plaintiff for his noneconomic damages. The trial court did not err.

Affirmed.

**EDMONDS, P. J.,** concurring.

In general, this case involves circumstances where the trial court, acting *sua sponte* and without first notifying plaintiff, awarded plaintiff lesser damages than the amount he claimed in his affidavit in support of his application for a default judgment. There are at least three implications that appear from the majority's opinion based on those facts: (1) a trial court is authorized to enter an amount different from that requested in an affidavit made in support of a motion for a default judgment if it determines that the amount as shown by the affidavit is not correct, 191 Or App at 349; (2) plaintiff failed to give the trial court sufficient information to establish the amount of damages, *id.*; and (3) plaintiff did not request a hearing before the trial court, *id.* For the reasons that follow, I would hold only that plaintiff invited the error of which he complains.

Because there is disagreement between me and my colleagues about the issue framed by plaintiff's first assignment of error, I begin by explaining my understanding of plaintiff's brief. The first question presented in plaintiff's brief is as follows: "Does a Judge have the right to greatly and unjustly reduce the relief sought for by the Plaintiff when Defendant failed to appear, for want thereof, and had no concern or regard for the amount that would be lost by their failure to appear and defend?" When stripped to its essential words, I perceive the question presented by plaintiff to be: Whether, in plaintiff's absence and without notice to him, the trial court was authorized to reduce the amount of damages sought by plaintiff when defendant failed to appear and was in default?

According to the trial court record, plaintiff moved for entry of a default judgment on December 6. In that motion, plaintiff requested judgment in the amount of $6,000. In the affidavit in support of the default judgment, plaintiff averred, in relevant part, that "[t]he amount owed to

me by [defendant] for Harassment, Breach of Contract, and Negligence is the sum of $6000[.]" The trial court signed a judgment reducing the award of damages on December 23, 2002. The amount of $6,000 was crossed out in the judgment and the sum of $500 was inserted in its place and was initialed by the trial judge. The judgment was filed on December 26. On the same date, it appears that the trial judge sent a letter to plaintiff explaining why the court had reduced the amount of the judgment. On January 3, plaintiff asked the court to reconsider its reduction of the award of damages, but he never asked for a hearing or an opportunity to appear personally and testify as to the amount of his damages. Rather, he submitted an affidavit conceding that the amount prayed for in his complaint may have been "somewhat unreasonable" but asserting that the court's reduction was too great in amount. The judgment was also entered on January 3. The Oregon Judicial Information Network (OJIN) record shows that the motion for reconsideration was denied on January 14.[1]

When the record is considered with plaintiff's brief, I understand him to assign error to the court's ruling on December 23 when it signed the judgment reducing the requested amount of damages to $500. There is no indication in the record that the trial court put plaintiff on notice of its intention to reduce the amount of damages asserted in his affidavit or that it furnished him an opportunity to be heard before it signed the judgment reducing the amount of damages. One issue then, as framed by plaintiff's brief, is whether the trial court's action under the above circumstances was authorized by ORCP 69.

The short answer to that question, however, is that it is not necessary for us to decide the import of ORCP 69 B under the above circumstances because plaintiff invited the

---

[1] A motion for reconsideration made after entry of a judgment is equivalent to a motion for new trial and must comply with ORCP 64 B. *Sorenson v. DMV*, 190 Or App 164, 170, 78 P3d 145 (2003). Here, plaintiff's motion for reconsideration, the default judgment and the money judgment were all entered on the same date. It is not clear from the record whether plaintiff's motion was entered in the court records before the judgments were entered. *See Voth v. State of Oregon*, 190 Or App 154, 157-58, 78 P3d 565 (2003) (holding that a motion for reconsideration made before a court's final ruling can preserve an issue for appeal).

purported error in the trial court that he now claims on appeal. In his motion for reconsideration, plaintiff implicitly recognized the purported authority of the trial court to reduce the amount of the judgment by interlineation. He told the trial court, in effect, that some reduction was warranted but that the amount of reduction was too great. If there was error committed by the trial court on December 23, plaintiff invited the perpetuation of that error with his motion for reconsideration. *See Sheets v. B & B Personnel Systems*, 257 Or 135, 146-47, 475 P2d 968 (1970) (holding that, where the defendant suggested in a motion for directed verdict that a specific sum of damages would be proper, the defendant could not subsequently complain that that amount of damages was improper); *Beck v. Southern Ore. Health Serv.*, 255 Or 590, 592-93, 469 P2d 622 (1970) (holding that, where the defendant stipulated to facts that included the sums awarded, the defendant had invited any resulting error in the amount of judgment). It is axiomatic that a party on appeal cannot take a position inconsistent with that which he invited the trial court to take. *Howland v. Iron Fireman Mfg. Co.*, 188 Or 230, 290, 213 P2d 177 (1949).[2]

To the extent that the majority's opinion reaches the merits of plaintiff's argument, the implicit assertion that a trial court is authorized by ORCP 69 to reduce *sua sponte* the amount of damages from the amount sought in an affidavit in support of a motion for a default judgment without notification to the plaintiff or without giving the plaintiff an opportunity to be heard deserves further comment. ORCP 69 B governs the entry of default judgments, and subsections B(1), B(2), and B(3) are relevant to the above issue. Subsection B(1) authorizes entry of default judgments by the court clerk or the court on written application of the party seeking judgment when the action arises on contract or the claim is for the recovery of a sum certain or for a sum that can, by computation, be made certain. Under those circumstances, judgment

---

[2] Nonetheless, the language of ORCP 69 B, in my view, creates potential pitfalls for trial courts. Trial courts throughout the state enter default judgments on a daily basis, so the rule's import is significant. Although most default judgments for money judgments are probably entered in the amounts averred in affidavits, this case presents an opportunity to encourage trial courts to think about the implications of the rule whenever the amount entered is different from the amount sought in the affidavit.

shall be entered when, along with other requirements, "[t]he party seeking judgment submits an affidavit of the amount due[.]" ORCP 69 B(1)(e).

In contrast to ORCP 69 B(1), subsection B(2) authorizes the entry of default judgments by the court "[i]n cases other than those cases described in subsection (1) * * *." In pertinent part, subsection B(2) provides:

> "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing, or make an order of reference, or order that issues be tried by a jury, as it deems necessary and proper. The court may determine the truth of any matter upon affidavits."

Under subsection B(2), the use of the word "may" suggests that the grant of an evidentiary hearing is discretionary with the court. However in contrast to the language of ORCP 69 B(2), ORCP 69 B(3), which governs the entry of the *amount* of judgment, provides that "[t]he judgment entered *shall* be for the amount due as *shown by the affidavit*[.]" (Emphasis added.) The mandatory "shall" language of subsection B(3) obligates the trial court to award the amount of damages as shown by the affidavit and appears to impose a boundary on the court's discretion. Thus, a tenable reading of the two sections together, of which trial courts should be cognizant, is that, while the holding of an evidentiary hearing or the requiring of additional affidavits is discretionary, a trial court cannot disregard the evidence from an uncontroverted affidavit without giving the party an opportunity to be heard.